## 77819. LOFTON v. THE STATE.
(379 SE2d 13)

POPE, Judge.

Defendant was found guilty of the offense of escape. OCGA § 16-10-52. Although defendant stipulated to the facts which formed the basis of the charge against him, at trial he moved for a directed ver-

dict of acquittal based on the State's alleged violation of the provisions of OCGA § 17-8-50. That section provides as follows: "The trial of inmates escaping from a state or county correctional institution shall take place in the superior court of the county in which the escape occurs, and inmates so escaping shall remain in the correctional institution after their apprehension and shall be treated as are other inmates until the trial takes place. At the trial, the copies of the records transmitted to the superintendent or warden of the state or county correctional institution, relative to the former trials of such inmates, shall be produced and filed of record in the superior court; . . ." Based on these provisions, defendant contends that he was entitled to a directed verdict of acquittal because, prior to the trial on the escape charge, he was sentenced to serve fourteen days in confinement by the prison disciplinary committee, and then transferred from the facility from which he escaped to another correctional institution. Likewise, defendant contends the State failed to produce the records of his former conviction at trial as required by OCGA § 17-8-50.

Pretermitting whether that section in fact entitles defendant to the rights claimed on appeal, see *Mullins v. State*, 167 Ga. App. 670 (4) (307 SE2d 61) (1983), and if so, whether defendant was harmed by a violation of those rights,[1] a directed verdict of acquittal was not the proper means to procure enforcement of the mandates of OCGA § 17-8-50. Rather, we find that in order to procure the State's compliance with that section, defendant should have filed a petition for a writ of habeas corpus (see OCGA § 9-14-1 et seq.) or a petition for a writ of mandamus (see OCGA § 9-6-20 et seq.). Defendant having failed to take either of these actions, and the issue of the State's compliance with that section now being moot by virtue of defendant's subsequent conviction on the escape charge, we find no basis for reversal.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 21, 1989.

*Short & Fowler, Thomas S. Bishop*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

---

[1] For example, we fail to see how defendant was harmed by the State's failure to produce records relating to defendant's former trial when the defendant stipulated to the facts relative to the escape charge.